UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAY SOUSA,

        Plaintiff,                                          Hon. Wendell A. Miles

v.                                                           Case No. 5:03-CV-246

M. FERGUSON, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants Ferguson's and Jones' Rule 56(b) Motion for Summary Judgment</u>. (Dkt. #29). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and Plaintiff's action dismissed.

## BACKGROUND

On October 24, 2003, Plaintiff Kay Sousa visited her husband, Plaintiff William Hill, at the Carson City Correctional Facility (DRF). (Complaint at ¶ 7). When their visit ended, the two embraced. (Complaint, Exhibit 5). Defendant Ferguson witnessed this embrace and charged Plaintiff Hill with sexual misconduct. (Complaint, Exhibit 2). Specifically, Ferguson reported that he "directly observed prisoner Hill 153219 grab the buttocks of his visitor, Kay F. Sousa. This act was obviously for prisoner Hill's sexual gratification." *Id.* Defendant Ferguson also completed a Notice of Proposed Visitor Restriction, recommending that Sousa be permanently barred from visiting her husband. (Complaint, Exhibit 3).

Sousa "informed Defendant Ferguson that no such grabbing took place, and that Plaintiff had experienced such incriminations before within the MDOC, and it always revolved around racial discrimination due to the fact that her and Plaintiff Hill were an interracial couple." (Complaint at ¶ 14). According to Plaintiff, DRF officials require "non-white" visitors to sit "at the visiting room desk," but "allow all the whites to choose where they wish to sit." (Complaint at ¶ 16).

On November 7, 2003, a hearing was conducted on Plaintiff's Hill's misconduct charge and the related proposal to restrict Plaintiff Sousa's visitation privileges. (Complaint, Exhibits 5, 5a). The hearing officer reviewed a videotape of the alleged incident and concluded that while Plaintiff Hill did "squeeze the upper portion" of Plaintiff Sousa's hips, this was "incidental to a brief embrace that the prisoner is permitted at the end of a visit" and was not done for purposes of sexual gratification. Accordingly, the hearing officer found Plaintiff Hill not guilty of sexual misconduct and denied the proposed restriction on Plaintiff Sousa's visitation privileges. *Id.*

On December 22, 2003, Plaintiffs Hill and Sousa initiated the present civil rights action against Defendants Ferguson and Jones. (Dkt. #1). Plaintiffs alleged that Defendants violated their due process and equal protection rights and, furthermore, subjected them to retaliation. Plaintiff Hill also asserted that Defendants' actions constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiffs also asserted various state law claims. On March 31, 2004, the Court dismissed without prejudice Plaintiff Hill's claims for failure to exhaust all available administrative remedies. (Dkt. #12). Defendants now move for summary judgment as to the claims asserted by Plaintiff Sousa.

## **STANDARD**

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992).

Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

**I.         Plaintiff's Claims Against Defendant Jones**

In her complaint, Plaintiff Sousa asserts that Defendant Jones, the Warden at DRF, had a duty to prevent his subordinates from violating other people's constitutional rights. Plaintiff Sousa asserts that Defendant Jones breached this duty by failing to prevent the allegedly unconstitutional behavior of Defendant Ferguson.

Liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability, as Plaintiff must instead allege personal involvement by a particular defendant. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior"); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998); *Street v. Corrections Corp. of America*, 102 F.3d 810, 817-18 (6th Cir. 1996).

Because Plaintiff Sousa has failed to allege any personal involvement by Defendant Jones, the Court recommends that all claims against Defendant Jones be dismissed.

**II.        Plaintiff's Retaliation Claims**

Plaintiff asserts that she filed "a formal grievance with the MDOC Director P. Caruso" regarding the incident in question. (Complaint at ¶ 35). Plaintiff asserts that she was retaliated against for filing this grievance. (Complaint at ¶ 50). While Plaintiff has failed to indicate the date on which she allegedly submitted her grievance to Director Caruso, it stands to reason that this grievance was filed at some point following the incident in question.

To establish a claim of retaliation, Plaintiff must establish: (1) that she was engaged in a constitutionally protected activity; (2) that Defendant's adverse action caused her to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of her constitutional rights. *Watts v. Day*, 2005 WL 943696 at *4 (6th Cir., April 22, 2005) (quoting *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998)). If Plaintiff can make such a showing, Defendant must establish that he would have taken the same action even in the absence of Plaintiff's protected conduct. *Watts*, 2005 WL 943696 at *4 (quoting *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000)).

Even assuming that Plaintiff can satisfy the first two elements of her claim, Plaintiff's claim nonetheless fails because she cannot establish the third element thereof. As previously noted, the allegedly retaliatory conduct by Defendant Ferguson *preceded* the filing of the grievance with Director Caruso. Thus, Defendant Ferguson's allegedly retaliatory conduct cannot logically be said to have been motivated by the subsequent act of mailing a grievance to Director Caruso. Accordingly, the Court recommends that Plaintiff's retaliation claims be dismissed.

**III.**     **Plaintiff's Due Process Claims**

Plaintiff asserts that her due process rights were violated by Defendants' actions. Plaintiff has not specified whether she is asserting a violation of her procedural due process rights or her substantive due process rights. This is of no consequence, however, as Plaintiff has suffered a violation of neither.

The procedural due process clause of the Fourteenth Amendment forbids state actors from depriving individuals of life, liberty, or property without due process of law. *See Quinn v. Shirey*, 293 F.3d 315, 319-20 (6th Cir. 2002). First, Plaintiff has not established that she was deprived of any liberty or property interest. Moreover, even if she made such a showing her claim must fail because she received sufficient process in this matter.

The "fundamental requirement of due process is the right to be heard 'at a meaningful time and in a meaningful manner.'" *Mertik v. Blalock*, 983 F.2d 1353, 1364 (6th Cir. 1993) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Two weeks after the incident at issue, a formal hearing was held regarding Plaintiff Hill's misconduct charge and the related determination to restrict Plaintiff Sousa's visitation privileges. Plaintiffs were permitted to testify and present evidence to a neutral adjudicator, who ruled in Plaintiffs' favor on both counts. Accordingly, Plaintiff suffered no violation of her procedural due process rights in this matter.

The substantive due process clause of the Fourteenth Amendment prevents the government "from engaging in conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty.'" *Rosales-Garcia v. Holland*, 322 F.3d 386, 410-11 (6th Cir. 2003) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). Defendant Ferguson's actions in this matter do not violate this standard.

Even though Plaintiff Hill was found not guilty of the misconduct charge (and the accompanying visitation restriction on Plaintiff Sousa was denied), a review of the hearing officer's findings reveals that Defendant Ferguson was not without justification in charging Plaintiff Hill. The hearing officer found that Plaintiff Hill, whose hands were "below" Sousa's waist, grabbed "a good portion of" Sousa's hips.

Prison officials certainly have a legitimate interest in preventing sexual activity in prison visiting areas. While the conduct alleged herein may, to members of the non-prison community, seem relatively harmless, the Court will not second guess the limits and guidelines established by prison officials as they attempt to prevent unwanted sexual activity in prison visiting areas. The Court concludes, therefore, that Defendant Ferguson's conduct neither shocks the conscience nor interfered with rights implicit in the concept of ordered liberty. Thus, Plaintiff suffered no violation of her substantive due process rights.

**IV.         Plaintiff's Equal Protection Claims**

Plaintiff asserts that her equal protection rights were violated because Defendant Ferguson allegedly seated "non-white" visitors "at the visiting room desk" while allowing "all the whites to choose where they wish to sit."

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Accordingly, it is illegal for states (or state actors) to make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly

situated without any rational basis for the difference. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005) (citations omitted).

There is neither evidence nor allegation that Defendant Ferguson's action burdened a fundamental right and Plaintiff has not alleged that she constitutes a "class of one." Instead, Plaintiff asserts that Defendant targeted a suspect class by seating people in the visiting room based upon their race. However, Plaintiff Sousa is not a member of a suspect class and, moreover, lacks standing to assert this claim on behalf of her husband. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000).

The Court further notes that Plaintiff has failed to submit any evidence to refute Defendant Ferguson's assertion that he did not seat visitors according to their race. (Dkt. #34, Ferguson Affidavit at ¶ 16). As noted above, in response to a motion for summary judgment a plaintiff cannot rely on the allegations in her complaint, but must instead present *evidence* demonstrating that there exists a genuine factual dispute. Accordingly, the Court recommends that Plaintiff's equal protection claims be dismissed.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendants Ferguson's and Jones' Rule 56(b) Motion for Summary Judgment</u>, (dkt. #29), be **granted** and Plaintiff's action dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 22, 2005

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge