UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAY F. SOUSA and
WILLIAM M. HILL,

       Plaintiffs,                           Case No. 5:03-cv-246

v                                        Hon. Wendell A. Miles

M. FERGUSON, Prison Guard, and
KURT JONES, Warden - DRF,

       Defendants.

_____/

## ORDER ON PLAINTIFF SOUSA'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a *pro se* civil rights action filed under 42 U.S.C., § 1983 by a Michigan prisoner, William M. Hill, and his wife, Kay F. Sousa.  On June 22, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that a motion for summary judgment filed by defendants be granted and that the remaining claims in the case -- those of plaintiff Sousa -- be dismissed.[1]  Plaintiff Sousa has filed objections (styled "Opposition," docket No. 40) to the R & R.

The court, having reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action, having reviewed the file in this matter, and having reviewed the plaintiff's objections to the R & R, agrees with the recommended disposition contained in the R & R.  Judgment will therefore be entered accordingly.

_____

[1]Plaintiff Hill's claims are no longer before the court, having been dismissed without prejudice for lack of exhaustion on March 31, 2004.

**<u>Discussion</u>**

Plaintiff Sousa appears to object to the Magistrate's conclusion that her First Amendment claim fails because the retaliation of which she complains predated plaintiff's allegedly protected activity, the filing of a formal grievance with the MDOC as alleged in paragraph 35 of the complaint. In her objections, plaintiff argues that discovery will reveal that she made previous complaints using the MDOC's "complaint card procedures." Plaintiff appears to contend that because these prior alleged complaints predate the alleged retaliatory conduct, she has stated a prima facie claim of retaliation.

The complaint does not allege Sousa's use of the complaint procedure. The only reference to complaints which Sousa might have made before the incident is contained in an affidavit which Sousa submitted with the complaint, in which she describes having "questioned Carson City prison staff regarding their practices and procedures" on "a number of occasions" which Sousa does not specify. In her affidavit, Sousa also states that she has "asked a number of times why DRF staff find it necessary to seat non-whites when the same does not apply to whites" entering the visiting room.

However, even assuming that plaintiff Sousa did question prison staff or utilize the MDOC's "complaint card procedure" before the incident in question, the court nonetheless concludes that she fails to state a First Amendment retaliation claim. The plaintiff making such a claim has an evidentiary burden to establish that the retaliatory acts "amounted to more than a de minimus injury." <u>Bell v. Johnson</u>, 308 F.3d 594, 606 (6th Cir. 2002). "The factual question is whether the injury inflicted is so slight that it could not reasonably be expected to deter protected conduct." <u>Id</u>. The purpose of this standard is to "avoid trivializing the First Amendment by

2

eliminating suits based upon insignificant acts of retaliation." Id. Plaintiff Sousa's allegations regarding the defendants' conduct against her -- the proposed restriction of her husband's visitation -- are insufficient to state a claim of a First Amendment violation, insofar as attachments to the complaint (namely, Exhibit 5) reveal that the proposal to restrict visitation was not upheld by the hearing officer. In the absence of any allegation indicating that the threatened restriction was upheld, the court cannot determine that the defendants' action caused Sousa to suffer an injury that would likely chill a person of ordinary firmness from engaging in protected activity. In sum, even if Sousa made complaints which predated the visitation incident in question, she has failed to establish all of the necessary elements of a claim of retaliation.

In her objections, plaintiff Sousa also disagrees with the Magistrate Judge's conclusion recommending the dismissal of her equal protection claim. Sousa appears to argue that she has raised an issue of "disparate treatment" of prisoners and/or their visitors based on race. However, in order to state an equal protection claim, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class. Herron v. Harrison, 203 F.3d 410, 417 (6th Cir. 2000). Plaintiff Sousa invokes equal protection without identifying the protected class to which *she* belongs. She has, therefore, failed to properly allege a cognizable equal protection violation.

Plaintiff Sousa also objects to the Magistrate Judge's recommendation that the claims against defendant Jones be dismissed because she has failed to allege his personal involvement in the alleged violation of her rights. Plaintiff argues that discovery would reveal that Jones was "on notice" of improper conduct by staff at the Carson City facility. However, even if discovery were to reveal that Jones was aware of some sort of discriminatory application of the visitation

procedures at the prison, plaintiff Sousa has still failed to show that her own rights were violated. Under the circumstances, the Magistrate Judge did not err in concluding that the claims against Jones should be dismissed.

Finally, it is noted that plaintiff Sousa objects that the Magistrate Judge recommended the entry of summary judgment without permitting her to conduct discovery. The docket reveals that plaintiff did not file a written response to a motion by the defendants for a protective order staying discovery, which the Magistrate Judge granted. It was not until after the defendants' motion to stay discovery was granted that Sousa filed her own motion for a stay, seeking continuance of resolution of the motion for summary judgment until 45 days after the completion of discovery. However, the discovery sought by plaintiff would not enable her to avoid dismissal. Under the circumstances, the Magistrate Judge did not fail in failing to grant plaintiff's request for discovery.[2]

---

[2]After plaintiff Sousa filed her motion for a stay pending discovery, she also submitted a proposed amended complaint, which would have added a claim alleging violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L.§ 37.2101 *et seq*. The Magistrate Judge issued an order rejecting the proposed amended pleading for the reason that Plaintiff failed to seek leave to amend or to submit a stipulation by the defendants to the amendment, as required by Fed.R.Civ.P.15(a).

An amendment as of right under Fed.R.Civ.P. 15(a) can be forestalled only by the service of a "responsive pleading." Here, the defendants had not yet filed their answer at the tine plaintiff's amended complaint was filed; instead, they has filed only a motion for summary judgment. However, a motion to dismiss or for summary judgment is not considered to be a

(continued...)

## **CONCLUSION**

The court agrees with the conclusions of the Magistrate Judge, and will therefore grant summary judgment in favor of defendants Ferguson and Jones on the remaining claims against them.

So ordered this 27th day of July, 2005.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

---

2(...continued)

"responsive pleading" for the purposes of Rule 15(a).  E.g., James V. Hurson Assoc., Inc. v. Glickman, 229 F.3d 277, 283 (D.C. Cir. 2000); Brewer-Giorgio v. Producers Video, Inc., 216 F3.d 1281, 1284 (11th Cir. 2000).  Responsive "pleadings," for the purposes of Fed.R.Civ.P. 15(a), are those defined by Fed.R.Civ.P. 7(a).  However, although plaintiff's proposed amendment should not have been rejected pursuant to Rule 15(a), the sole basis of her amendment was in order to add a state law claim over which the court would have no independent basis for jurisdiction.  Because this court would decline to exercise supplemental jurisdiction over any state law claim under Michigan's Elliott-Larsen Civil Rights Act pursuant to 28 U.S.C. § 1367(c)(3), the court concludes that the Magistrate Judge did not err in rejecting plaintiff's amended pleading.